PITTMAN v. WEEKS.

(Filed March 10, 1903.)

1. INSTRUCTIONS—*Trial.*

Where the trial court uses the word "plaintiff" for "defendant", but
the context shows that it was a mistake and a correction is made
in another part of the charge, such mistake was not prejudicial.

2. INSTRUCTIONS—*Harmless Error—Ejectment.*

In ejectment, an instruction as to color of title, the only issues in-
volved being the location of a boundary and adverse possession,
is not prejudicial.

3. ADVERSE POSSESSION—*Ejectment—Limitations of Actions.*

In an action to recover land which had been occupied adversely by
defendant for 20 years, the fact that the plaintiff did not know
the location of his line or that the land was his until a few days
before the suit was commenced, is immaterial.

4. EJECTMENT—*Issues—Instructions—Limitations of Actions.*

Where, in ejectment, four issues are submitted, one being as to the
statute of limitations, an instruction as to facts bearing on this
issue alone should be limited thereto.

ACTION by W. M. Pittman against George W. Weeks, heard by Judge *Francis D. Winston* and a jury, at October Term, 1902, of the Superior Court of EDGECOMBE County. From a judgment for the defendant, the plaintiff appealed.

*G. M. T. Fountain,* for the plaintiff.
*John L. Bridgers,* for the defendant.

WALKER, J.   This is an action for the recovery of real property.   In his complaint, which is in the usual form, the plaintiff alleges that he is the owner of forty acres of land, it being a part of a larger tract, and that the defendant is in the possession and unlawfully and wrongfully withholds the possession from him.   These allegations are denied by the defendant in his answer, and he pleads specially that the plaintiff did not commence his action within twenty years, nor within seven years after the accrual of his right of action, and relies on the statute of limitations as a bar to his recovery.   It was not necessary to plead the Statute of Limitations, because the defendant could have had the benefit under the general denial of the plaintiff's title and right of possession, as this court has often decided.   *Cheatham v. Young,* 113 N. C., 161; 37 Am. St. Rep., 617.

It appears that on and prior to the 28th day of January 1881, the defendant and one W. S. Weeks were tenants in common of a tract of land, a part of which is the land in controversy, and that on said day they divided the land equally between them, each receiving a deed from the other for his share, and on the same day W. S. Weeks conveyed his half to the plaintiff.   In the said deeds, the land allotted to each in the division was described by metes and bounds.   These facts seem not to have been disputed.

There was evidence tending to show that the plaintiff did not know where the line dividing the two tracts was located and that in the fall of 1881 the defendant told the plaintiff

that the dividing line was where the defendant now claims it to be, and that the plaintiff, having confidence in the defendant and believing the line to be at the place where the defendant had pointed it out to him, helped the defendant to mark the line. There was further evidence on the part of the plaintiff tending to show that this is not the true dividing line, as was afterwards shown by a survey made of the two tracts in accordance with the calls of the deeds, and that the plaintiff did not discover the mistake until a few months before bringing this action, when he found that the line pointed out by the defendant was five chains distant from the true line and that it cut off a part of his land.

There was evidence on the part of the defendant tending to show that the line alleged to have been pointed out by him to the plaintiff is the true line, as located by the calls in the deeds, and that he has been in the open, notorious and adverse possession of the *locus in quo* for more than twenty years claiming it as his own, and while he alleges that his deed covers the disputed land and that he is entitled for that reason to recover in this action, yet, if it does not, he insists that by said adverse possession he has acquired the title as against the plaintiff and consequently that his possession is rightful.

The court without any objection, so far as appears from the record, submitted four issues to the jury as follows:—

1. Is the plaintiff the owner and entitled to the possession of the land described in the complaint?

2. Does the defendant wrongfully detain possession thereof from the plaintiff?

3. What damage if any has the plaintiff sustained?

4. Is the plaintiff's cause of action barred by the statute of limitations?

The exceptions of the defendant relate to the instructions of the court to the jury. The court substantially charged,

(1) That the plaintiff must recover, if at all, upon the strength of his own title, and therefore if he has failed to satisfy the jury by a preponderance of the evidence that the land claimed by him is covered by his deed, they should answer the first issue 'no'; (2) If the jury find that the plaintiff's deed covered the land in dispute, they should answer the first issue 'yes', unless the defendant has satisfied them by a preponderance of the evidence that he has been in the actual and adverse possession thereof under known and visible boundaries for twenty years next prior to the date of the commencement of this action, and the court fully explained to the jury the nature of the adverse possession required to confer or ripen title. The jury answered the first issue 'no' and thereby found as a fact, under the evidence and the instructions of the court, either that the plaintiffs' deed did not cover the land, or that, if it did cover the land, the defendant had been in the adverse possession of it for twenty years prior to the 20th day of March, 1901, the date of the issuing of the summons.

The defendant assigns five errors which we will consider in the order in which they are presented in the record:—

1.   The court in giving the instructions requested in the defendant's third prayer explained to the jury what is meant by color of title and adverse possession thereunder sufficient to ripen the color into a good or perfect title, and then proceeded as follows: "By colorable title the law means that the deed under which the plaintiff claims the land covers and includes it, and he had the title and possession spoken of, adverse as I have and shall explain, seven years before March 20, 1901, the time when plaintiff brought his action, and if the jury find that he had such possession under colorable title for seven years, they must answer the first issue 'no'." It will be seen that by inadvertence the court used the word "plaintiff" for the word "defendant", but when we look

at the context of the particular instruction, we do not see how the jury could fail to understand the meaning of the court, as it is perfectly plain and unmistakable. Besides, in the instructions given afterwards the court corrected the mistake, very slight though it was, and clearly and distinctly told the jury that it is the defendant who must have had the adverse possession under colorable title, and that if the "defendant's deed covered the land in dispute and he has had such adverse possession of it, as had been described, up to well known and visible metes and bounds under a deed purporting to convey it, then he is the owner by lapse of time which would ripen the deed into a perfect title," and again the court told the jury that "if the line made by the surveyor is where Pittman claims it, then he can recover unless Weeks has had such possession since the date of his deed as ripened into a title, as I have indicated. If he had not such possession you must answer 'yes'." How could the jury have misunderstood the meaning of the court under the circumstances?

2. The court charged the jury that if the defendant's deed covered the land, it would be color of title and if he had had the necessary adverse possession for seven years, he had become the owner of the land by lapse of time, and this charge was excepted to by the plaintiff. If the question of color of title entered into the case at all, we can see no objection to the instruction. It was in exact accordance with the law as laid down in numerous decisions of this court. But we do not think that the question of color of title and adverse possession for seven years was involved in the controversy, nor that it had anything to do with the case. If the plaintiff's deed did not cover the land, he was clearly not entitled to recover, and if the defendant's deed covered the land the plaintiff likewise was not entitled to recover, whether the defendant had or had not been in possession of

the disputed land. If the plaintiff's deed covered the land, the only remaining question in the case was whether the defendant had been in adverse possession for twenty years. The case was not tried upon the theory that the boundaries of the two deeds overlap each other so that both deeds covered the disputed land, but it was virtually admitted that either one or the other of the deeds covered the land. If therefore the plaintiff's deed covered it, the defendant's deed did not, and could not therefore be used as color of title, because a person in possession of land claiming it under a deed as color of title is always confined to the boundaries of his deed. *Davidson v. Arledge,* 88 N. C., 326. But there was no error of which the defendant can complain in submitting the question of adverse possession under color of title to the jury, because if the jury answered it in favor of the defendant, they necessarily found that the defendant's deed covered the land, and this was sufficient to entitle him to their verdict without regard to the possession of the land, and it was a rejection of the plaintiff's claim that his deed covered it. But even if the question of adverse possession under color of title was involved, the instruction was correct.

3. The plaintiff further excepts because the court charged the jury that the ignorance of the defendant as to the correct location of the line and as to the adverse possession by the defendant of what he alleges is a part of his tract, would not affect the right of the parties. We can see no error in this instruction. There was no fraud alleged, and certainly not in a manner which entitles the plaintiff to have the question considered by us, and besides there is no sufficient proof of any fraud. If the plaintiff was mistaken as to the dividing line, it was not only his misfortune but his fault, as viewed by the law, because by having a survey made, which he afterwards did, he could easily have ascertained where

the line was. If the defendant pointed the line out to the plaintiff, there is no evidence to show that if it was not the true line the defendant was not acting in perfect good faith and without any fraudulent intent. The defendant relies on Section 155, Sub-Section 9, of the The Code, but that section does not apply, as no fraud or mutual mistake is alleged or proved, and Section 155 was not amended so as to include causes of action cognizable at law, as distinguished from those "solely cognizable in a court of equity" until 1889. Clark's Code, (3 Ed.) p. 66.

4. The plaintiff requested the court to charge the jury that the defendant could not have adverse possession of the land prior to March 20, 1881, under the facts and circumstances of this case, and therefore that the plaintiff's action is not barred by the statute of limitations; and further that if the defendant pointed out the line to the plaintiff in the fall of 1881 or at any other time after March 1881, and caused the plaintiff to move his house off the disputed land at that time, the defendant's possession had not continued a sufficient length of time to bar the plaintiff's right of recovery. The court gave the instruction but confined it to the fourth issue, as to the statute of limitations. It seems to us that the plaintiff by the very language employed by him, intended that this instruction should apply to the fourth issue. He asked the court to charge the jury that upon the facts embodied in the prayer the plaintiff's cause of action is not barred, and as there was a special issue submitted without objection from either party to which the instruction peculiarly applied, it was not unnatural to suppose from the form of the defendant's prayer that he was referring to that issue. But however this may be, we think that the court, in other parts of the charge and especially in giving the instruction requested in the defendant's second prayer, sufficiently explained to the jury what kind of possession by the

defendant was required, and how long that possession must have continued in order to bar the plaintiff's right of entry and entitle him to their verdict.   If the plaintiff's counsel thought, at the time the instruction was given or at any time before the jury retired, that the court had misunderstood him, he had the right to call the attention of the court to the matter in some way, so that the proper correction could have been made if any was necessary, or so that the matter could at least have been made clear to the jury.   In no view do we think any error was committed by the court in giving the instruction as modified, and certainly none that was prejudicial to the plaintiff.

5.   The plaintiff's counsel further insists that the court in giving certain instructions, at the request of the defendant, imposed the burden of repelling the statute of limitations upon him.   We do not agree with counsel that this was done. On the contrary, we think that the court made it plain to the jury that if the plaintiff's deed covered the disputed land he was entitled to recover "unless the defendant satisfied them by a preponderance of the evidence that he had been in the actual possession thereof under known and visible boundaries for twenty years."   This instruction, which was given at the request of the plaintiff, unquestionably placed the burden of proof upon the defendant.

Upon a review of the whole case, we have been unable to discover any error in the rulings of the court, of which the plaintiff can justly complain.   Indeed, we think that the charge was clear and explicit, and must have been well understood by the jury, and, we may add, that it was more favorable to the plaintiff than he had any good reason to expect.

Judgment Affirmed.